

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/20/2021

January 15, 2021

**BY ECF and EMAIL**
The Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Hodnett et al. v. Medalist Partners Opportunity Master Fund II-A, et al.*,
     1:21-cv-00038 (MKV)

Dear Judge Vyskocil:

  I represent Plaintiffs Brad Hodnett and Cynthia Hodnett in the above-captioned action. Today, I am filing with the court a Memorandum of Law in Support of Plaintiffs' Order to Show Cause for a Preliminary Injunction, together with a proposed Order to Show Cause, a Declaration of R. Zachary Gelber (with 2 exhibits), and a Declaration of Brad Hodnett (with 57 exhibits). I write to request that certain of the exhibits to the Hodnett Declaration -- Exhibits 1, 8, 11, 12, 16, 19, 25, 35, 41, 47 and 49 -- be sealed because they contain PIPINGusa's trade secrets and confidential business information which would give a competitive business advantage to PIPINGusa's competitors.

  Courts in this Circuit engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court determines whether the document is a "judicial document," meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. Second, the court must "determine the weight of the presumption of access" attaching to the particular document. *United States v. Erie Cty*., 763 F.3d 235, 239 (2d Cir. 2014). Third, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

  Here, consideration of these three factors weigh in favor of sealing. First, the exhibits are being filed in connection with a motion for a preliminary injunction, therefore they are judicial documents because Plaintiffs intend for the Court to take them into account when deciding the motion. *See Utica Mut. Ins. Co. v. INA Reinsurance Co*., No. 612CV194DNHTWD, 2012 WL 13028279, at *4 (N.D.N.Y. June 12, 2012) (finding that documents filed in connection with motion for preliminary injunction are judicial documents). Second, because Plaintiffs' motion for a preliminary injunction "directly addresses the merits of the action and seeks injunctive relief before trial,'" there is a strong presumption of public access. *Id*. at 5.

Gelber & Santillo PLLC, 347 West 36th Street, Suite 805, New York, NY 10018
Tel: 212-227-4743 Fax: 212-227-7371

The Honorable Mary Kay Vyskocil  
January 15, 2021  Page 2

      However, this presumption of public access, when balanced against the competing considerations of Plaintiffs – namely that these documents contain highly sensitive and confidential business information and trade secrets which would give a competitive advantage to PIPINGusa's competitors – demonstrates that Plaintiffs' request to seal should be granted. The documents at issue reveal: PIPINGusa's detailed business plans (Exhibits 1 and 12); PIPINGusa's financial information/projections (Exhibits 11, 16, 19); PIPINGusa's draft operating agreement (Exhibit 49); as well as the terms of a very lucrative exclusive supply agreement that PIPINGusa negotiated with Krah GmbH to sell high density polyethylene and polypropylene piping technology in the western United States (Exhibits 8, 25, 35, 41, 47). "[B]usiness information constitutes confidential information or trade secrets when it is 'sufficiently valuable and secret to afford an actual or potential economic advantage over others,'" and thus should be sealed. *Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020) (finding that business information that a firm maintained as confidential and which, if exposed, could injure the firm, should be sealed); *see also Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access."); *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting permission to seal client list which "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff.")

      The information which Plaintiffs seek to seal is proprietary information that would provide PIPINGusa's competitors with such an advantage were it to become public. In addition, PIPINGusa took steps to maintain the confidentiality of these documents by not sharing them with outside entities (such as Medalist) without first obtaining a Confidentiality Agreement, and by filing these same exhibits under seal in the New York State Supreme Court before this action was removed to federal court. *See Ramirez*, 2020 WL 6781222, at *6. In addition, the public's interest in this case is minimal. PIPINGusa and its principals are non-public figures whose dispute is unlikely to receive any public attention. However, the interests of the parties in keeping PIPINGusa's confidential business plans, financial information/projections, and terms of the exclusive KHB supply agreement are substantial because these documents contain the company's trade secrets and, if they became public, could threaten PIPINGusa's competitive business advantage.

      We thank the Court for its consideration of this request.

Very truly yours,

/s/ Fern Mechlowitz

Fern Mechlowitz

---

Plaintiffs' request to seal Exhibits 1, 8, 11, 12, 16, 19, 25, 35, 41, 47, and 49 attached to the Declaration of Brad Hodnett filed in support of Plaintiffs' application for a preliminary injunction is GRANTED. SO ORDERED.

Date: 1/20/2021  
New York, New York

/s/ Mary Kay Vyskocil  
Mary Kay Vyskocil  
United States District Judge