

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2021

KANE KESSLER, P.C.
600 THIRD AVENUE
NEW YORK, NEW YORK 10016
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER
212-519-5147

WRITER'S EMAIL
arosenberg@kanekessler.com

January 29, 2021

**Via Email and ECF**
Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

> The Court GRANTS Defendants' request to seal (1) Exhibits A, C, I, L, and S attached to the Declaration of Marc Thalacker, dated January 29, 2021; (2) Exhibits A, D, and G attached to the Declaration of Mark Theetge, dated January 29, 2021; and (3) Exhibits A and B attached to the Declaration of Gregory Peter Richter, dated January 29, 2021.
> SO ORDERED.
> Date: 2/12/2021
> New York, New York
> *Mary Kay Vyskocil*
> United States District Judge

Re: *Hodnett et al. v. Medalist Partners Opp. Fund II-A, et al*, No. 1:21-cv-00038 (MKV)

Dear Judge Vyskocil:

    We represent the defendants Marc Thalacker, Mark Theetge, Mary L. Graybeal and Krah USA, LLC (collectively, the "Krah Defendants") in the above-referenced matter.[1] We write, along with Defendants Medalist Partners Opportunity Master Fund II-A, L.P., Medalist Partners, L.P., and Gregory Peter Richter ("Medalist Defendants," and collectively with the Krah Defendants, the "Defendants"), pursuant to Rule 9 of your Honor's Individual Practices to request the filing of certain documents under seal in connection with the Defendants' opposition to Plaintiffs' motion for a preliminary injunction (ECF No. 19). The documents at issue (the "Documents") include business plans, LLC operating agreements and loan agreements that contain highly sensitive and confidential business information and trade secrets which would give a competitive advantage to the Defendants' competitors.[2]

    The Documents to be filed under seal are (i) Exhibits A, C, I, L and S attached to the Declaration of Marc Thalacker, dated January 29, 2021, (ii) Exhibits A, D and G attached to the Declaration of Mark Theetge, dated January 29, 2021, and (iii) Exhibits A and B attached to the Declaration of Gregory Peter Richter, dated January 29, 2021, copies of which are attached to the accompanying Declaration of Arthur M. Rosenberg, dated January 29, 2021.

    Courts in this Circuit engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document. *Lugosch III v. Pyramid Co. of*

---

[1] Theetge and Graybeal are members, along with Medalist Partners Opportunity Master Fund II-B, L.P., of Krah USA, LLC.

[2] Plaintiffs' counsel has not taken a position on the instant application.



January 29, 2021
Page 2

*Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court determines whether the document is a "judicial document," meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119 (quotation and citation omitted). Second, the court must "determine the weight of [the] presumption [of access]." *Id*. Third, "after determining the weight of the presumption of access, the court must balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Id*. at 120.

Consideration of these three factors weigh in favor of sealing. First, the exhibits are being filed in connection with opposition to Plaintiffs' motion for a preliminary injunction and are therefore judicial documents because the Defendants intend for the Court to take them into account when deciding the motion. *See Utica Mut. Ins. Co. v. INA Reinsurance Co.,* No. 6:12-CV-194, 2012 WL 13028279, at *4 (N.D.N.Y. June 12, 2012) (finding that documents filed in connection with a motion for a preliminary injunction are judicial documents).

Although there is a "strong presumption that [judicial documents] should remain accessible to the public," countervailing factors outweigh the presumption of public access. *Ramirez v. Temin & Co., Inc.,* No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *4 (S.D.N.Y. Nov. 18, 2020). The Documents at issue include the Defendants' confidential business plans, operating agreements, loan agreements and proprietary information the public disclosure of which would provide Defendants' competitors with a significant competitive advantage. *See id*. at *6 (holding that business information that a firm maintained as confidential and which, if exposed, could injure the firm, should be sealed). *See also Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access.") (citation omitted); *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC,* No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting permission to seal client list which "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff.") (citation omitted).

In addition, the public's interest in this case is minimal. The Defendants are non-public figures and entities whose dispute with Plaintiffs are unlikely to receive any public attention.

For the aforementioned reasons, the Defendants respectfully request that the Court grant their request to file the Documents under seal.

Respectfully yours,

*/s/ Arthur M. Rosenberg*

Arthur M. Rosenberg

cc:   All counsel of record-*via ECF*