

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2021

February 5, 2021

**BY ECF and EMAIL**
The Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Hodnett et al. v. Medalist Partners Opportunity Master Fund II-A, et al.*,
            1:21-cv-00038 (MKV)

Dear Judge Vyskocil:

      I represent Plaintiffs Brad Hodnett and Cynthia Hodnett in the above-captioned action. Today, I am filing with the court a Reply Memorandum of Law in Further Support of Plaintiffs' Motion for a Preliminary Injunction, together with a Second Declaration of Brad Hodnett (with 10 exhibits, labeled Exhibit 58-67). I write to request that Exhibit 64, which I have filed in a redacted format, be partially sealed, as it contains information protected by attorney-client privilege. In addition, we have filed Exhibit 67, which contains a draft loan agreement, under seal in order to provide counsel for the Medalist Defendants with an opportunity to review this document and submit briefing on this issue, as discussed in more detail below.

      Exhibit 67 is a draft loan agreement between Medalist and PIPINGusa LLC, which reveals the terms of a loan negotiated between the parties, and arguably could be considered Confidential Information under the parties' Confidentiality Agreement (which is the subject of this litigation). *See* Hodnett Decl, Ex. 14. For this reason, we are filing it under seal out of an abundance of caution to provide the Medalist Defendants with an opportunity to request that the document be sealed and submit appropriate legal support. We have contacted counsel for the Medalist Defendants regarding this issue and they have advised us that they are unable to review the document today, but have asked us to file it under seal so that they can review the document when they are able and take a position at that time.

      Second, we have redacted information protected by attorney-client privilege from Exhibit 64. Courts in this Circuit engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court determines whether the document is a "judicial document," meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. Second, the court must "determine the weight of the presumption of access" attaching to the particular document. *United States v. Erie Cty*., 763 F.3d 235, 239 (2d Cir. 2014). Third, "after determining the weight

The Honorable Mary Kay Vyskocil
February 5, 2021                                                                                                          Page 2

of the presumption of access, the court must 'balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

   Here, consideration of these three factors weigh in favor of sealing. First, the exhibit is being filed in connection with a motion for a preliminary injunction, therefore it is a judicial document because Plaintiffs intend for the Court to take it into account when deciding the motion. *See Utica Mut. Ins. Co. v. INA Reinsurance Co.*, No. 612CV194DNHTWD, 2012 WL 13028279, at *4 (N.D.N.Y. June 12, 2012) (finding that documents filed in connection with motion for preliminary injunction are judicial documents). Second, because Plaintiffs' motion for a preliminary injunction "directly addresses the merits of the action and seeks injunctive relief before trial,'" there is a strong presumption of public access. *Id.* at 5. However, this presumption of public access, when balanced against the competing considerations of Plaintiffs – namely that this document contains material protected by attorney-client privilege – demonstrates that Plaintiffs' request to seal should be granted. Exhibit 64 is an email which contains legal advice relating to a draft contract that was communicated by PIPINGusa's attorneys at Jordan Ramis PC to PIPINGusa owner and principal, Mary Graybeal on December 9, 2019, prior to the instant dispute. Given that these documents are protected by attorney-client privilege, we request that they be sealed. *See Moshell v. Sasol Ltd.*, No. 120 CV 01008, 2021 WL 67107, at *2 (S.D.N.Y. Jan. 4, 2021) (granting sealing of materials covered by the attorney work product).

   We thank the Court for its consideration of this request.

Very truly yours,

/s/ Fern Mechlowitz

Fern Mechlowitz

---

The Court GRANTS Plaintiffs' request to seal Exhibit 64 attached to the Second Declaration of Brad Hodnett, dated February 5, 2021.

The Court reserves decision on Exhibit 67 attached to the Second Declaration of Brad Hodnett, dated February 5, 2021. The Medalist Defendants shall respond to this letter on or before February 19, 2021, stating their position on whether Exhibit 67 should be kept under seal.

SO ORDERED.

Date: 2/12/2021
New York, New York

*/s/ Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge