# RAKOWER LAW · PLLC

January 15, 2026

**VIA ECF & EMAIL**

Hon. Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    *Hodnett v. Medalist Partners Opportunity Master Fund II-A, L.P. et. al.*
           (1:21-cv-00038-JLR)

Dear Judge Rochon:

Per the Court's January 13 pretrial conference order, we submit this letter on behalf of the Parties to provide the Parties' positions on the below items:

## I. Revisions to the Voir Dire Statement to the Jury

The Parties were unable to come to an agreement. Attached as **Exhibit A** are proposed statements by Plaintiffs and Defendants and a redline tracking the differences between the two.

## II. Limiting Instructions Related to Criminal Conviction

The Parties were unable to come to an agreement. Attached as **Exhibit B** are proposed limiting instructions by Plaintiffs and Defendants and a redline tracking the differences between the two.

## III. Unclean Hands Jury Instruction

<u>Plaintiffs' Position</u>: Defendants' unclean hands defense cannot be presented to the jury because the jury will consider only that portion of Plaintiffs' claim that seeks money damages. Although an unclean hands defense may be asserted against a claim involving both money damages and equitable relief, (*Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, 2021 WL 4173929, at *5 (S.D.N.Y. Sep. 14, 2021)), that equitable defense may be submitted only in connection with the equitable relief portion of a claim. *See Sea Trade Maritime Corp. v. Coutsodontis*, 2016 WL 11680976, at *16-17 (S.D.N.Y. Aug. 23, 2016) (deciding unclean hands defense as to fiduciary breach fiduciary claim after jury trial on money damages), *rev'd in part on other grounds*, 744 F App'x 721 (2d Cir. 2018); *see also Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 126, 130-33 (S.D.N.Y.

1999) (deciding unclean hands defense as to injunction request after jury trial on money damages). Defendants' authority analyzing an *in pari delicto* defense in response to a motion in bankruptcy court seeking dismissal of an equitable disallowance claim is not to the contrary.

Individual Defendants' Position: Defendants believe *In re Ampal-Am. Israel Corp.*, 545 B.R. 802 (Bankr. S.D.N.Y. 2016) stands for the proposition that this Court can permit the jury to hear the affirmative defense of unclean hands on Plaintiffs' money damages remedies. Specifically, the Court's statements based on *in pari delicto* which "instructs courts to refrain from intervening in a dispute between two parties at equal fault… Perhaps reflecting the merger of law and equity, courts use unclean hands and *in pari delicto* interchangeably, and apply unclean hands to bar legal relief where the plaintiff's reprehensible conduct is 'directly related to the subject matter in litigation and the party seeking to invoke the (unclean hands) doctrine was injured by such conduct.'" *Id*. at 810-11. (citations and internal quotations omitted).

### IV.   Bi-Furcation of Punitive Damages

The Defendants will not pursue this request further.

### V.   Exhibits

The Parties resolved their respective objections regarding foreign language documents and emails without attachments. Each Party reserves all other objections.

The Parties have also agreed to supplement their exhibit lists in light of the Court's January 13 rulings. The Parties will provide the Court with updated electronic copies, exhibit lists, and the Court's Rule 5(C)(v) trial list.[1]

Respectfully submitted,

*Michael C. Rakower* (DFG)

Michael C. Rakower

Enclosures (2)

cc:   All Counsel of Record (via ECF and email)

---

[1] Consistent with the Court's Individual Rules, the Parties will set forth any remaining objections in the supplemented exhibit lists.